THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: February 27, 2015

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

Syed Taqi Shah and
Syeda J. Akhtar,　　　　　　　　　　　　Case No. 08-26365-GMH

　　　　Debtors.　　　　　　　　　　　　Chapter 7

## DECISION AND ORDER

On August 4, 2014, I entered an order denying a motion "to vacate a void judgment" filed by creditors, Aman Deep Singh, Baljeet Kaur, and Dimple Kaur, to whom this decision refers collectively as "the creditors". CM-ECF, No. 31. Subsequently, the creditors asked me to reconsider that ruling. CM-ECF, No. 33. The creditors contend that the dismissal of the debtors' first bankruptcy precludes a subsequent discharge of the debt they owe to the creditors. CM-ECF, No. 38 at 1. Based on this contention, the creditors request that I allow them to file an adversary complaint under Federal Rule of Bankruptcy Procedure 4007(b) to obtain a declaration that the discharge order in the debtors' second bankruptcy did not discharge the debt owed to them. *Id.*; CM-ECF, No. 33 at 2.

I held a hearing on the creditors' motion to reconsider on September 4. CM-ECF, No. 37. After hearing argument from Mr. Singh, pro se, I took the matter under advisement. CM-ECF, No. 36. For the reasons that follow, I deny the creditors' motion.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. §1334 and the Eastern District of Wisconsin's July 16, 1984, order of reference entered pursuant to 28 U.S.C. §157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (I) & (J); thus, I am authorized to finally adjudicate the matter.

## I

The following facts are not in dispute. In June 2004, the debtors filed a chapter 13 case. *In re Syed Shaw & Syeda Akhtar*, Case No. 2004-29323-JES (Bankr. E.D. Wis. 2004). Later that year, the court dismissed the debtors' case for failure to attend the §341 meeting of creditors, failure to timely file schedules, and failure to make plan payments. Case No. 2004-29323-JES, CM-ECF, No. 7. The dismissal order stated in pertinent part, "IT IS ORDERED THAT: The case of the debtor(s) is hereby dismissed." *Id.*

On June 12, 2008, the debtors filed this chapter 7 case. CM-ECF, No. 1. The debtors' Schedule F listed, among other debts, three debts each labeled "2005 Money Judgment", each in the amount of $323,272. *Id.* at 19-20. The creditors named as being owed these debts were Baljeet Kaur, Dimple Jeet Kaur, and Aman Deep Singh, and the address associated with each of these creditors was the same: 5685 West Upham Avenue, Milwaukee, Wisconsin 53220. *Id.* The debtors listed these creditors in the mailing matrix; notice of the debtors' bankruptcy filing was sent to the Upham Avenue address. CM-ECF, No. 5 at 3. The trustee set the initial §341 meeting of creditors for July 21, 2008. No one objected to the debtors' discharge or alleged that any of their debts were nondischargeable. Consequently, the court entered an order on September 24, 2008, discharging the debtors under 11 U.S.C. §727. CM-ECF, No. 10.

One month after the court issued the debtors' discharge, the creditors filed a motion to reopen the case. CM-ECF, No. 12. The creditors alleged that they first became aware of the debtors' chapter 7 bankruptcy in early October 2008: Dimple Jeet Kaur no longer lived at the Upham Avenue address; Baljeet Kaur and Aman Deep Singh were visiting Dimple Jeet Kaur in Houston, Texas from June 15 to September 30; and the family member holding their mail during this time did not open or review it. *Id.* at 3. But for these circumstances, the creditors alleged, they would have timely objected to the debtors' discharge and sought to have the debt owed to them excepted from discharge

under 11 U.S.C. §523(a)(6)—they alleged that the debt arose from a civil judgment against Mr. Shah for wrongful death. *Id.* at 4.

The debtors objected to the creditors' motion. CM-ECF, No. 14. The court held a hearing on the motion. The parties filed briefs. After reviewing those filings, the court denied the creditors' motion. CM-ECF, No. 19.

The creditors timely appealed. CM-ECF, No. 22. But the district court dismissed the appeal on May 18, 2009, after the creditors failed to make a required filing. CM-ECF, No. 29.

On July 18, 2014, nearly six years after the debtors received their discharge, the creditors filed a "Rule 60(b)(4) motion to vacate a void judgment". CM-ECF, No. 30. In this filing, the creditors contended that "[t]he involuntary dismissal of Shah's first bankruptcy for prejudicial failure to prosecute rendered these debts forever nondischargeable without any further action necessary by the [creditors] in future proceedings." *Id.* at 1. In other words, the creditors claimed the involuntary dismissal of the debtors' chapter 13 case had a preclusive effect that rendered the debtors' subsequent chapter 7 discharge order ineffective as to the debts owed to them.

I denied the creditors' motion for several reasons. CM-ECF, No. 31. First, I explained that 11 U.S.C. §349(a) explicitly permits—rather than precludes—debtors to discharge debts in a bankruptcy case filed after the court dismisses an earlier one. *Id.* at 2. Second, the creditors never commenced a timely adversary proceeding under 11 U.S.C. §523(c) to determine that the debts owed were nondischargeable under §523(a)(6). *Id.* Third, the creditors eschewed the proper procedural avenues by failing to timely contest the debtors' discharge and then abandoning their appeal of the court's denial of their request to oppose discharge belatedly. *Id.* Finally, I noted that to the extent the creditors' argument is that the court's dismissal of the 2004 case precluded the entry of a discharge in the 2008 case, 11 U.S.C. §727(e)'s one-year period in which to file a complaint to revoke discharge expired almost five years ago. *Id.* at 2-3.

The creditors have asked me to reconsider this ruling. CM-ECF, No. 33. They acknowledge that their Rule 60 motion was procedurally incorrect. They now request that I reopen the case and determine that the discharge order did not discharge the debts owed to them by the debtors because the court's dismissal of the 2004 case precluded the discharge of those debts in 2008. *Id.* at 1. They contend that their request that the court

determine the debts are not dischargeable does not arise under §523(c), and, therefore, they can seek this determination "at any time". *Id.* at 2; see also Fed. R. Bankr. P. 4007(b).

II

Motions to reconsider filed within 14 days of the entry of a final order are treated as motions to alter or amend the order under Federal Rule of Civil Procedure 59(e) (incorporated by Federal Rule of Bankruptcy Procedure 9023). See *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166–67 (7th Cir. 1995) (explaining that the Seventh Circuit has adopted a bright-line rule treating under Rule 59(e) all post-judgment motions made within the time allowed to file a Rule 59(e) motion and under Rule 60(b) all post-judgment motions that are filed after the deadline to file a Rule 59 motion expires). Rule 59(e) provides a narrow avenue for reconsideration: "'Rule 59(e) allows the movant to bring to the [] court's attention a manifest error of law or fact, or newly discovered evidence. It does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the [] court prior to the judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (internal citation and quotation marks omitted)).

The creditors' motion to reconsider was filed 11 days after the entry of the order denying their motion to vacate a void judgment, which was a final order. *FDIC v. Ramirez-Rivera*, 869 F.2d 624, 626 (1st Cir. 1989) ("Orders denying a Rule 60(b) motion are final orders and are appealable as such."). Thus, I consider the creditors' motion under Rule 59(e)'s standard.

III

The Bankruptcy Code excepts certain debts from discharge. See 11 U.S.C. §523. A creditor can ask the bankruptcy court to determine that a debt is not dischargeable by filing a complaint to commence an adversary proceeding. Fed. R. Bankr. P. 4007(a); Fed. R. Bankr. P. 7001. Depending upon the type of debt sought to be determined non-dischargeable, different time constraints for filing a complaint apply. See Fed. R. Bankr. P. 4007(b), (c), & (d). If a creditor contends that a debt is not dischargeable for reasons provided in §523(a)(2), (4), or (6), the creditor must file a complaint within 60 days after the first date set for the §341 meeting of creditors. See §523(c)(1); Fed. R. Bankr. P. 4007(c). If the creditor does not file her complaint by that deadline, the debt is subject to discharge:

"the debtor *shall be discharged* from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of a creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section." §523(c)(1) (emphasis added). For debts sought to be determined nondischargeable under any other subsections of §523(a), §523(c) does not apply, and a complaint may be filed "at any time." Fed. Bankr. P. 4007(b).

The creditors contend that their motion to reconsider is properly brought as a complaint under Rule 4007(b)'s "at any time" provision. They argue that their debts are not dischargeable for reasons other than those provided in §523(a)(2), (4), or (6); therefore, they did not need to file a timely complaint under §523(c) during the debtors' chapter 7 bankruptcy. *Id.*; CM-ECF, No. 38 at 1. The creditors offer two theories. I address each in turn.

A

The creditors first argue that any time a §523(c) proceeding *could have occurred* in a bankruptcy case that was dismissed, a debtor is forever precluded from discharge of a debt that *could have been determined* to be nondischargeable under §523(a)(2), (4), or (6). CM-ECF, No. 38 at 1. It then follows, according to the creditors, that they can file a complaint at any time under Rule 4007(b) for a determination that the debt owed to them was not discharged. *Id.*

The principal difficulty with this argument is that the Bankruptcy Code expressly forecloses it. Section 349 of title 11 provides, "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title [which, although inapplicable here, bars some debtors from refiling for 180 days]." 11 U.S.C. §349(a). Put differently, orders dismissing bankruptcy cases are without prejudice unless they expressly provide that they are with prejudice, and only dismissals with prejudice bar a debtor from seeking to dismiss the same debts by filing a second case. *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002). The court did not dismiss the debtors' 2004 bankruptcy case with prejudice; thus, the Code directs that the dismissal had no preclusive effect on the debtors' ability to discharge those debts in their 2008 case.

In arguing the contrary, the creditors rely on *Moncur v. Agricredit Acceptance Co. (In re Moncur)*, 328 B.R. 183 (B.A.P. 9th Cir. 2005); *Staffer v. Predovich (In re Staffer)*, 306 F.3d 967 (9th Cir. 2002); and *Royal American Oil & Gas Co. v. Szafranski (In re Szafranski)*, 147 B.R. 976 (Bankr. N.D. Okla. 1992). None of these cases, however, addresses the effect of §349(a) or otherwise supports the creditors' argument.

*Moncur* and *Szafranski* both instruct that when a determination of nondischargeability of a debt under §523(a)(2), (4), or (6) *has been made*—rather than could have been made—in a previous bankruptcy, the debtor is precluded from discharging that debt in a subsequent bankruptcy. 328 B.R. at 191; 147 B.R. at 989.

In *Moncur*, the debtors stipulated in a prior chapter 12 bankruptcy case that a money judgment was excepted from discharge under §523(a)(2) and (6). 328 B.R. at 185. Based on the parties' agreement the court determined, in accordance with §523(c), that the debt owed to Agricredit Acceptance Company was nondischargeable under §523(a)(2) and (6). See *id.* The debtors filed a subsequent chapter 7 bankruptcy, and Agricredit did not file a complaint to have the debt again excepted from discharge. *Id.* The Ninth Circuit Bankruptcy Appellate Panel held that Agricredit's failure to file a complaint in the chapter 7 case was of no moment because the issue of nondischargeability had already been adjudicated in the debtors' previous chapter 12 case. *Id.* at 188-89. Accordingly, the court held that the first bankruptcy court's determination of nondischargeability enjoyed preclusive effect and eliminated any need for an adversary proceeding under §523(c) in the second case to ensure that the debt remained nondischargeable. *Id.* at 188-92.

In *Szafranski*, Royal American Oil & Gas Company obtained a money judgment and a determination of nondischargeability under §523(a)(2) and (4) in the debtor's first chapter 7 bankruptcy. 147 B.R. at 980. The debtor later filed a second chapter 7 case, and Royal attempted to have the debt owed to it determined nondischargeable once again. The second time around, however, Royal failed to file a timely complaint. *Id.* at 979. The bankruptcy court held that Royal's failure to file a timely §523(a)(2) or (a)(4) claim in the second case did not render the debt dischargeable: "Debts which were excepted from discharge in a first bankruptcy under §523(c), remain excepted from discharge in a subsequent bankruptcy case under §523(b) without the need of relitigation under §523(c)." *Id.* at 989.

*Moncur* and *Szafranski* do not help the creditors here. Unlike the creditors in those cases, the creditors here did not commence an adversary proceeding and obtain a judgment that the debt was not dischargeable in the debtors' first bankruptcy case. Because the bankruptcy court never determined that the debtors' debt to the creditors was exempt from discharge in the first case, there is no judgment of nondischargeability that is entitled to preclusive effect.

*Staffer* is the last case on which the creditors rely. In *Staffer* the bankruptcy court had discharged the debtor and closed the case; the creditor, Predovich, brought a motion to reopen. 306 F.3d at 969. Predovich had obtained a civil fraud judgment against the debtor, and the debtor neglected to list Predovich as a creditor in his bankruptcy schedules. *Id.* While the debt owed to Predovich would have fallen under §523(a)(2)'s nondischargeability provision—debt for money obtained by false pretenses, false representation, or actual fraud—§523(a)(3)(B) rendered Predovich's claim nondischargeable because the debtor failed to list Predovich as a creditor in time for Predovich to file an adversary proceeding challenging dischargeability. See *id.* at 969–70. On this basis, the Ninth Circuit affirmed the Bankruptcy Appellate Panel, holding that Predovich could bring his §523(a)(3) nondischargeability action at any time under Rule 4007(b). *Id.* at 971–72. The Ninth Circuit explained, "[a]ctions under §523(a)(3)(B) are distinct from nondischargeability actions brought under §523(c)(1), which provides for the exception from discharge of the same kinds of debts in cases of creditors who *did* receive timely notice of the bankruptcy case." *Id.* at 972 (emphasis in the original); see also §523(c)(1) ("Except as provided in subsection (a)(3)(B) . . . the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a)" unless the court determines that the debt is exempted under those paragraphs).

Unlike the creditor in *Staffer*, the creditors here were listed in the debtors' bankruptcy schedules in both cases. CM-ECF, No. 1 at 19–20; see also Case No. 2004-29323-JES, CM-ECF, No. 3. Thus, the creditors do not have a §523(a)(3)(B) nondischargeability claim. Rather, the creditors' claim arises under §523(a)(6), which is governed by the prescripts of §523(c)(1). As a result, unlike the creditor in *Staffer*, who could rely on §523(a)(3) as a basis for nondischargeability, Rule 4007(c) required the creditors to file an adversary complaint seeking nondischargeability under §523(a)(6) "no later than 60 days after the first date set for the meeting of creditors under §341(a)." Fed. R. Bankr. P. 4007(c). *Staffer*, therefore, is unavailing.

In sum, neither *Moncur*, *Szafranski*, nor *Staffer* supports the creditors' argument, and I am not aware of any case that does. What is more, the debtors' argument is contrary to the unequivocal language of the Bankruptcy Code: Section 349(a) deprives ordinary dismissals of any preclusive effect, and, although judgments in adversary proceedings are sometimes accorded preclusive effect, the creditors here did not obtain such a judgment. They did not do what the Code requires of creditors seeking a determination that debt is nondischargeable under §523(a)(6)—that is, they did not file a complaint as provided in §523(c) within the time constraints of Rule 4007(c). And, the creditors received notice of both of the debtors' bankruptcy cases; thus, they have no claim that the debt is nondischargeable under §523(a)(3)(B).

B

The creditors alternatively maintain that their claim falls under 11 U.S.C. §523(a)(10), which is also not governed by the procedures of §523(c). Section 523(a)(10) bars the discharge of a debt, "that was or could have been listed or scheduled by the debtor in a prior [bankruptcy] case . . . in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title". The problem with this argument is that the debtors never waived discharge nor did the court deny them a discharge.

The creditors premise this argument on a contention that the dismissal of the debtors' first bankruptcy case was a constructive waiver or denial of discharge. They assert that "the Debtors' prejudicial delay and noncompliance [that led to dismissal] in the first bankruptcy constituted waiver or denial of the discharge of [the debt owed to the creditors]." CM-ECF, No. 33 at 2. Essentially, the creditors argue that because the debtors' dismissal in their previous chapter 13 bankruptcy was involuntary, it is tantamount to a revocation of discharge or a dismissal with prejudice. *Id*. Thus, the creditors maintain, a complaint may be filed at any time under Rule 4007(b).

This argument also falls on §349(a)'s doorstep. I cannot accept the creditors' supposition that the court's plain-vanilla dismissal of the debtors' 2004 case is a "waiver" or "denial" of discharge without ignoring §349(a)'s instruction that dismissal does not bar discharge in a subsequent bankruptcy case, unless the court's dismissal order expressly so provides.

Waiver, moreover, is an intentional and voluntary relinquishment of a known right. See *Kontrick v. Ryan*, 540 U.S. 443, 458 n.13 (2004). The Bankruptcy Code requires that a waiver of discharge must be (i) in writing, (ii) signed by the debtor, (iii) filed post-petition, and (iv) approved by the court. 11 U.S.C. §727(a)(10); see also *Walton v. McCutcheon (In re McCutcheon)*, 448 B.R. 863, 865 (Bankr. N.D. Ga. 2011). A denial of discharge, conversely, is involuntary and is done to reprimand the debtor for being dishonest or uncooperative. See §727(a)(2)-(7); 4 COLLIER ON BANKRUPTCY ¶523.16, at 523-118 (Alan N. Resnick & Henry J. Sommer eds., 16th ed., 2014). And a denial of discharge requires a court order specifically so indicating. See, e.g., *Wilmington Trust Co. v. Borg-Warner Acceptance Corp. (In re Jarrell)*, 129 B.R. 29, 33 (Bankr. D. Del. 1991) (mere failure to obey order insufficient to deny discharge; debtor must willfully refuse to obey). Again, if a case is dismissed without a waiver or denial of discharge, a debtor is not prejudiced from filing a subsequent bankruptcy case and receiving a discharge. §349(a).

The creditors here do not specifically state whether they believe the debtors' conduct resulted in a waiver of discharge or a denial of discharge. See CM-ECF, No. 33 at 2. But the debtors never filed anything that might be construed as a waiver of discharge, nor did the debtors receive a discharge that was later revoked. The creditors emphasize that the debtors' first case was *involuntarily* dismissed; they contend that this dismissal amounts to a "denial" of discharge. They cite *Klapp v. Landsman (In re Klapp)*, 706 F.2d 998 (9th Cir. 1983), and *In re Smith*, 133 B.R. 467 (Bankr. N.D. Ind. 1991), in support of this argument. Neither decision supports it.

In *Klapp*, the debtors' discharge in their first bankruptcy case was revoked because they fraudulently concealed property. 706 F.2d at 999. The debt owed to the creditor was listed in the first case, but the debtors sought to discharge the debt in their second case claiming that the revocation did not fit within the meaning of §523(a)(9)'s [§523(a)(10)'s predecessor] "waiver" or "denial" language. *Id.* The court disagreed, stating, "Congress evinced an intent to deter the various sorts of debtor misconduct, such as dishonesty and uncooperativeness, that are described in section 727(a) and listed in section 523(a)(9) [§523(a)(10)'s predecessor]." *Id.* at 1000. Consequently, the court determined that a revocation fit within the meaning of "denial" in §523(a)(9), now §523(a)(10), and the debtors were prevented from discharging the debt. *Id.*

In *Smith*, the trustee brought a motion to dismiss or, in the alternative, to deny discharge in the debtors' first bankruptcy case. 133 B.R. at 468. The court granted the

motion and ordered that the "case be dismissed with prejudice." *Id.* When the debtors filed a second bankruptcy case, the trustee again moved to dismiss arguing that the previous dismissal with prejudice forever precluded the debtors from seeking relief under title 11. *Id*. The court denied the trustee's motion, but determined that the debtors were precluded from discharging their debts. *Id.* at 469-70. It noted that the general rule in §349 is that a dismissal is "usually without prejudice to the debtor's right . . . to receive a discharge" in a subsequent case, but §349(a) "give[s] the court discretion to deny the debtor the benefit of this general rule, if there is a reason to do so." *Id.* at 469. (citing to 2 COLLIER ON BANKRUPTCY ¶349.01, at 349-2 (Matthew Bender, 15th ed., 1991)). A previous bankruptcy judge had dismissed the debtors' first case with prejudice because she found "cause" to deny the debtor the benefit of the general rule. *Id.* Thus, the court concluded a dismissal with prejudice is "tantamount to the denial of discharge due to the debtors' misconduct." *Id.* at 470.

*Klapp* and *Smith* are inapplicable. Unlike the debtors in *Klapp* who fraudulently concealed property and the debtors in *Smith* who were guilty of misconduct, the record here does not indicate that the debtors engaged in any conduct during their 2004 case that would have warranted a denial of discharge. Nor did the court deny them a discharge. The court dismissed the debtors' case because they failed to attend the §341 meeting of creditors, failed to timely file schedules, and failed to make plan payments. Case No. 2004-29323-JES, CM-ECF, No. 7. While this could amount to uncooperative conduct, no one litigated that issue. Consequently, the bankruptcy court neither found nor ordered that the debtors engaged in the type of willful, intentional disobedience, or dereliction that would support a denial of discharge. In the absence of such a finding or ruling, §523(a)(10)'s exception for debts that were previously subject to a denial of discharge does not apply.

In short, there was nothing in the debtors' 2004 bankruptcy case that is analogous to the revocation of the debtors' discharge in *Klapp* or the dismissal with prejudice in *Smith*. In dismissing the debtors' 2004 chapter 13 case, the court ordered no more than "The case of the debtor(s) is hereby dismissed." Case No. 2004-29323-JES, CM-ECF, No. 7. Nothing in that order suggests that the court found "cause" under §349 to prevent the debtors from seeking discharge in a subsequent bankruptcy case: the words "denial", "discharge", and "prejudice" are nowhere to be found in the order. And the court took no action to reprimand the debtors or deny them discharge. The court simply entered a routine order dismissing the case. That order, as §349(a) makes clear, did not preclude

the debtors from seeking a discharge of their debts in a later case. Consequently, there is nothing to indicate that the court's involuntary dismissal of the debtors' first bankruptcy case constitutes a "waiver" or "denial" of discharge under §523(a)(10).

III

For these reasons, the creditors have not shown that I committed a manifest error of law when I denied their motion to "vacate a void judgment". The creditors' motion to reconsider is DENIED.

So ordered.

# # # # #