THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: February 25, 2016

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In RE:

Syed Taqi Shah and
Syeda J. Akhtar,   Case No. 08-26365-GMH

Debtors.   Chapter 7

### DECISION AND ORDER

On March 2, 2015, I denied a reconsideration motion filed by Aman Deep Singh, Baljeet Kaur and Dimple Kaur (collectively, the "creditors"). CM-ECF Doc. No. 39. Singh never received notice of the March 2 order because clerk personnel mailed it to the creditors' former counsel—despite the fact that other court documents had been mailed directly to Singh and the other creditors. Compare CM-ECF Doc. No. 32 with CM-ECF Doc. No. 40. Consequently, the deadline to file a timely appeal expired long before Singh discovered that the court had issued the March 2 order.

Singh moves under Federal Rule of Civil Procedure 60(b)(6) (made applicable here by Federal Rule of Bankruptcy Procedure 9024) for an order vacating the March 2, 2015,

order and entering an identical order denying his earlier motion, so that he can appeal. CM-ECF Doc. No. 41. I held a hearing on the motion on November 19. CM-ECF Doc. Nos. 46 and 47. Although Singh has ably presented court of appeals decisions supporting the relief he seeks, I conclude for the reasons that follow that those precedents are not controlling.

I

On September 24, 2008, the debtors received a chapter 7 discharge. CM-ECF Doc. No. 10. About one month later, the creditors, then represented by counsel, filed a motion to reopen the debtors' chapter 7 case to allow them to file an adversary proceeding against Syed Shah to establish that a debt he owed them was not dischargeable under 11 U.S.C. §523(a)(6). CM-ECF Doc. No. 12. In February 2009, the bankruptcy court denied the creditors' motion. CM-ECF Doc. No. 19. The creditors appealed. CM-ECF Doc. No. 22. The district court dismissed the appeal because the creditors failed to prosecute it. CM-ECF Doc. No. 29.

In July 2014, the creditors filed a motion to vacate the bankruptcy court's 2009 order. CM-ECF Doc. No. 30. I denied the motion. CM-ECF Doc. No. 31. The creditors filed a motion to reconsider, marshalling authorities in support of a more novel theory for allowing a belated nondischargeability challenge. CM-ECF Doc. No. 33. I held a hearing on September 4, 2014, and Singh, purporting to act on behalf of all of the creditors, appeared. Singh also filed a supplement in support of the motion on behalf of all of the creditors. CM-ECF Doc. No. 38. Singh is not a lawyer; thus, he cannot represent others. A March 2, 2015, order denied reconsideration. CM-ECF Doc. No. 39. Neither Singh nor anyone else filed a notice of appeal from that order.

On October 9, 2015, Singh filed his motion to vacate the March 2, 2015, order (the "Motion"). CM-ECF Doc. No. 41. Again, the Motion's purpose is to obtain entry of a new order denying the creditors' motion to reconsider the 2009 order, so that Singh can appeal that ruling—a tactic made necessary by the fact that the time to appeal the March 2 order expired long before Singh filed the Motion. The Motion contends that this relief is appropriate because Singh did not receive timely notice of the March 2 order, even though he repeatedly inquired at the clerk's office about the status.

Singh's assertion that he did not get notice of the March 2 order is supported by the court record. Originally, beginning in 2014, the clerk (through the Bankruptcy

Noticing Center) mailed notices of the proceedings directly to the creditors, addressing mail to them personally at "5685 W. Upham Ave., Milwaukee, WI". See CM-ECF Doc. No. 32. For unknown reasons, the clerk changed course when docketing the March 2 order. Rather than mailing it to the creditors directly, the clerk mailed the March 2 order to them by way of their former counsel, "c/o Kershek Law Offices, 10777 W. Beloit Road, Greenfield, WI". See CM-ECF Doc. No. 40. As a result, Singh did not receive notice of the March 2 order.

Singh went to the clerk's office in October, November, and December of 2014 to inquire about the status of his reconsideration motion. CM-ECF Doc. No. 41 at 3; CM-ECF Doc. No. 46. Personnel correctly told him the matter remained under advisement. He inquired again in February 2015; personnel again told him that the court had not issued the order. *Id*. In May 2015 the clerk's office told him the same thing—this time incorrectly. *Id*. In September 2015, when conducting a search on Google Scholar, he first discovered that the court had denied reconsideration many months earlier. *Id.*

II

Because Singh's Motion is an effort to reset the time to appeal, the rules governing the time to appeal are a sensible starting point. Bankruptcy Rule 9022 states that failure to receive notice of the entry of an order does not affect the time to appeal except as provided by Bankruptcy Rule 8002. See Fed. R. Bankr. P. 9022(a). Rule 8002 generally requires appeals to be filed within 14 days after the entry of the order being appealed. Fed. R. Bankr. P. 8002(a)(1). Subject to certain exceptions that are inapplicable here, Rule 8002 further provides that a motion to extend the time to appeal must be filed no later than 21 days after the expiration of the 14-day appeal period and may only be granted if the party shows "excusable neglect". Fed. R. Bankr. P. 8002(d)(1)(B). The deadline to file a notice of appeal under Bankruptcy Rule 8002 expired months before Singh found out about the March 2 order.

Singh concedes all this. He contends, however, that Seventh Circuit decisions interpreting Federal Rule of Civil Procedure 60(b) authorize the court to vacate the March 2 order to reset the appeal deadline because he exercised "due diligence" and received "affirmative misleading information from the Bankruptcy Clerk" about the status of the proceedings. CM-ECF Doc. No. 41, at 1. He relies on *Spika v. Village of Lombard*, 763 F.2d 282 (7th Cir. 1985).

In *Spika* the Seventh Circuit considered whether a litigant who did not receive notice of a district court's final order might be entitled to have the district court vacate that order under Rule 60(b) to reset the time to appeal, even though Federal Rule of Civil Procedure 77(d), like Bankruptcy Rule 9022, limited the court's ability to extend the time to appeal except as provided in Federal Rule of Appellate Procedure 4(a). *Id.* at 284. Appellate Rule 4(a), like Bankruptcy Rule 8002, provided a deadline for asking the district court to extend the appeal period. *Id*. The Seventh Circuit concluded that "where Rule 60(b)(6) relief is sought to revive a lost right to appeal, the language of Rule 77(d) . . . militate[s] in favor of limiting such relief to those instances where ***some diligence*** or ***other special circumstances*** are shown". *Id.* at 285 (emphasis added). *Spika* declined to "delineate the exact parameters of the rule", holding that Rule 60(b) relief was not appropriate in that case because the appellant had not shown sufficient diligence or special circumstances. *Id.* at 286. *In re Longardner & Associates, Inc.*, which involved a bankruptcy appeal, repeated *Spika*'s construction of Rule 60(b). 855 F.2d 455, 464 (7th Cir. 1988) (citing *Spika* in reasoning that "the creditor's failure to receive notice of the entry of the order . . . is *not alone* sufficient grounds for extending the time to appeal . . .") (emphasis added).

Whether Singh's circumstances meet *Spika*'s standard is a close question. Based on his testimony and the court record, I find that he did not receive notice of the March 2 order before he discovered it inadvertently the following September. CM-ECF Doc. No. 41 at 3. I also find that he exercised some diligence in contacting the clerk's office periodically to check on the status of his motion. *Id.* Additionally, his *pro se* status makes the circumstances here unlike those facing represented parties. He lacks the easy access to the docket enjoyed by counsel and other users of the court's electronic docket system. His proceeding without counsel was also a cause of the notice problem when the clerk's office sent the order to his former counsel rather than to him. What makes the question close, however, is that Singh never took steps to ensure that the clerk would mail the order to him directly. And, after asking the clerk's office about the status in February 2015, he did not inquire again until May 2015, when the clerk's office erroneously told him the order had not issued. *Id.* By May, any opportunity to appeal within the deadlines authorized by Rule 8002 had already expired.

After considering these circumstances, I conclude that Singh has shown that he did not receive notice of the order, exercised "some diligence", and experienced "other special circumstances". 763 F.2d at 285. As stated above, Singh showed some diligence

by asking the clerk's office about the status of the proceedings, including traveling to the clerk's office in October, November, and December 2014, and again in February 2015 to check on the status of the case. CM-ECF Doc. No. 41 at 3; CM-ECF No. 46. He also visited the clerk's office in May 2015, when, unfortunately, the clerk's office personnel told him incorrectly that the order had not issued. CM-ECF Doc. No. 41 at 3; CM-ECF Doc. No. 46. The effect of this false information was compounded by the clerk's office telling him further that the delay was not out of the ordinary, deflating his sense of urgency in making additional inquiries. CM-ECF Doc. No. 41 at 3; CM-ECF Doc. No. 46. If the clerk's office had correctly informed him in May 2015 that the court had entered the order on March 2, Singh's earlier efforts to check on the status would have been "some diligence" under *Spika*'s standard. The fact that the clerk's office had mailed earlier notices to Singh directly and the fact that several years had passed since he appeared through counsel make the circumstances here unusual. And the clerk's office's error of providing misinformation in May 2015 is a "special circumstance[]". *Spika*, 763 F.2d at 285.

In September 2015, after discovering the March 2, 2015, order, Singh acted expeditiously. He filed the Motion a few days later. If *Spika* controls, Singh has shown grounds for vacating and reinstating that order.

III

Does *Spika* control? The Seventh Circuit has more recently cautioned that a Rule 60(b) motion is not a substitute for a timely filed appeal. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("[a] collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time . . . for appealing the [court's] judgment"). And, even before *Bell,* the Seventh Circuit had labeled *Spika* and similar cases "obsolete". *Nowak v. INS*, 94 F.3d 390, 392 (7th Cir. 1996). While these statements suggest that today the Seventh Circuit would not set the course charted by *Spika*, neither *Bell*, *Nowak*, nor any other Seventh Circuit decision overrules *Spika*. Unless a more recent Supreme Court decision renders *Spika* ineffective, it remains controlling.

*Bowles v. Russell*, decided by the Supreme Court in 2007, calls *Spika* into question. 551 U.S. 205 (2007). *Bowles* held that 28 U.S.C. §2107's deadline for appealing from the district court is jurisdictional, thus not subject to expansion on grounds not provided for in the statute. *Id.* at 213–14. *Bowles* elaborates on earlier decisions distinguishing *claims-processing rules*, which court order or party inaction may alter, from *jurisdictional rules*, which courts cannot modify and must enforce regardless of party inaction or other

circumstances. See *Eberhart v. United States*, 546 U.S. 12 (2005); *Kontrick v. Ryan*, 540 U.S. 443 (2004). *Bowles* concludes that the deadlines on expanding the time to appeal in §2107, implemented by Appellate Rule 4(a), are jurisdictional and cannot be altered by court order or procedural rule. *Bowles*, 551 U.S. at 213–14. *Bowles* expressly rejects earlier decisions holding that a district court can expand the time to appeal based on a finding of "unique circumstances." *Id.* at 214 ("Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate.").

*Spika*'s application of Rule 60(b) to expand a time to appeal set by §2107 does not survive *Bowles*. But Singh desires to appeal from the bankruptcy court, so §2107 is not at issue. Appeals from this court to the district court are governed by 28 U.S.C. §158. Section 158(c)(2) provides that an appeal to the district court must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules". Bankruptcy Rule 8002(a), in turn, sets a 14-day deadline to file a notice of appeal, and Rule 8002(d) limits the time by which the bankruptcy court can expand that period. This looks comfortably like one of those "time limits for filing a notice of appeal [that] have been treated as jurisdictional in American law for well over a century". *Bowles*, 551 U.S. at 209 n.2. Indeed, the Seventh Circuit recently stated in *dictum* that Rule 8002(d)'s limit on extending the deadline for appealing "is jurisdictional". *In re Schwartz*, 799 F.3d 760, 764 (7th Cir. 2015). See also *Smith v. Gartley (In re Berman-Smith)*, 737 F.3d 997, 1003 (5th Cir. 2013) ("§ 158, expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002, [and] we conclude that the time limit is jurisdictional"); *In re Caterbone*, 640 F.3d 108, 113 (3d Cir. 2011) ("Section 158(c)(2)'s incorporation of the filing timeline specified in Rule 8002(a)" is jurisdictional because "Rule 8002(a)'s time limit is rooted in a congressionally-enacted statute"); *Emann v. Latture (In re Latture)*, 605 F.3d 830, 837 (10th Cir. 2010) ("Congress did explicitly include a timeliness condition in 28 U.S.C. § 158(c)(2)—the requirement that a notice of appeal be filed within the time provided by Rule 8002(a)").

*Bowles*'s reasoning, however, does not transfer axiomatically to the bankruptcy context. That reasoning relies heavily (although not exclusively) on the fact that Congress set the deadline for filing an appeal from the district court to the court of appeals by stating the appeal period in 28 U.S.C. §2107. Unlike §2107, §158(c)(2) does not provide a time limit for appealing from the bankruptcy court to the district court. Congress instead referred to Rule 8002, thus implicitly delegating the authority to set the appeal deadline in bankruptcy cases to the Supreme Court. In distinguishing *Kontrick v. Ryan*, *Bowles*

states, "the filing deadlines in the Bankruptcy Rules are procedural rules adopted by the Court for the orderly transaction of its business that are not jurisdictional." *Bowles*, 551 U.S. at 211 (internal quotations omitted).

Because *Bowles* can be distinguished in this context, Singh's entitlement to relief depends on whether *Longardner*—the Seventh Circuit's bankruptcy decision following *Spika*—holds that bankruptcy courts can use Rule 60(b) to reset appellate deadlines. See *Gacy v. Welborn*, 994 F.2d 305, 310 (7th Cir. 1993) ("Ours is a hierarchical judiciary, and judges of inferior courts must carry out decisions they believe mistaken."); *Levine v. Heffernan*, 864 F.2d 457, 461 (7th Cir. 1988) ("Lower courts, however, out of respect for the great doctrine of *stare decisis*, are ordinarily reluctant to conclude that a higher court precedent has been overruled by implication.").

*Longardner*, however, does not so hold. *Longarder*'s entire discussion of *Spika* is limited to stating, "In *Spika v. Village of Lombard*, we expressly agreed with the general principle that Fed.R.Civ.P. 60(b) cannot be invoked to provide relief from Rule 77(d) when 'the *sole* reason asserted for that relief is the failure of a litigant to receive notice of entry of a judgment.'" 855 F.2d at 464 (citation and footnote omitted). The appellant in *Longardner* had not demonstrated more than lack of notice, so the court did not have to confront directly the course suggested by *Spika*. *Longardner* reasoned that courts must follow "strictly" Rule 9022(a)'s command that "[l]ack of notice of the entry [of judgment] does not affect the time to appeal or relieve *or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002*." Fed. R. Bankr. P. 9022(a) (emphasis added). Rule 8002, as discussed earlier, offers Singh no harbor. And *Schwartz*'s recent instruction that Rule 8002's deadline is jurisdictional leaves this court with no authority to grant the relief Singh seeks.

IV

For the reasons stated above, the Motion is denied.

So ordered.

# # # # #